■ MICHAEL GRUNINGER et al., Appellants, v NATIONWIDE MUTUAL INSURANCE COMPANY et al., Respondents, et al., Defendant. [905 NYS2d 391]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered March 30, 2009. The order, among other things, granted the motion of defendants Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action pursuant to Insurance Law § 3420 (a) (2), alleging that defendants Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company (collectively, Nationwide defendants) are obligated to satisfy the judgment that plaintiffs obtained against defendant Jeffrey Harmer in the underlying personal injury action (*see* Insurance Law § 3420 [a] [2]). Harmer was insured under a homeowners' policy issued by the Nationwide defendants. In the underlying action, plaintiffs sought damages for injuries sustained by Michael Gruninger (plaintiff) when he was shot by Harmer while they were deer hunting. As a result of that incident, Harmer pleaded guilty to assault in the third degree (Penal Law § 120.00 [3]). After they were notified of the underlying incident, the Nationwide defendants issued a letter in which they disclaimed coverage based on, inter alia, a provision in the homeowners' policy that excluded coverage for bodily injury "caused by or resulting from an act or omission [that] is criminal in nature and committed by an insured." Plaintiffs ap-

peal from an order that, inter alia, granted the Nationwide defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment on the complaint. We affirm.

In *Slayko v Security Mut. Ins. Co.* (98 NY2d 289, 292 [2002]), the defendant's insured had pleaded guilty to assault in the second degree (Penal Law § 120.05 [4]), arising from an incident in which he pointed a shotgun at the plaintiff and pulled the trigger, incorrectly believing that the gun was unloaded. The Court of Appeals concluded that a provision in the insurance policy issued by the defendant excluding coverage for liability " 'arising directly or indirectly out of instances, occurrences or allegations of criminal activity by the insured' " did not violate public policy and that it properly excluded coverage for the plaintiff's injuries (*Slayko*, 98 NY2d at 294-296).

Here, plaintiffs correctly concede that the shooting incident falls within the criminal act exclusion in the homeowners' policy and, based on the Court's decision in *Slayko*, such an exclusion is not barred by public policy. Plaintiffs contend, however, that this case is of the sort anticipated by the Court when it acknowledged in *Slayko* that "[a] case may arise in which a broad criminal activity exclusion . . . facially applies, yet works an injustice because the prohibited act involves little culpability or seems minor relative to the consequent forfeiture of coverage" (*id.* at 294). We reject that contention. Pursuant to Penal Law § 120.00 (3), "[a] person is guilty of assault in the third degree when . . . [w]ith criminal negligence, he [or she] causes physical injury to another person by means of a deadly weapon or a dangerous instrument." Contrary to plaintiffs' contention, criminal negligence as defined in Penal Law § 15.05 (4) is not synonymous with the common-law negligence standard applied in civil cases (*see* PJI 2:10), and not every hunting accident would be excluded under the criminal activity exclusion inasmuch as such accidents do not necessarily involve criminal negligence. Present—Scudder, P.J., Centra, Carni, Sconiers and Pine, JJ.